CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 15 2005

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CLYDE HENRY NEWBY, JR.<br>Defendant. | Criminal Case No. 4:04cr70039<br><br>**ORDER**<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

This matter is before the court on remand from the Fourth Circuit Court of Appeals, to determine if Newby has shown excusable neglect or good cause warranting an extension of the ten day appeal period. With or without a motion, the district court may grant an extension of time to file a notice of appeal of up to the thirty days, upon a showing of excusable neglect or good cause. See Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985)(finding excusable neglect when defendant mailed his notice of appeal before the ten day period had expired, but due to a holiday mail delay that notice of appeal was not received until after the ten day period had run).

This court entered judgment in the above referenced matter on December 15, 2004. Thus, Newby had until December 30, 2004, to file a timely notice of appeal to his conviction and sentence. See Fed. R. App. P. 4(b)(4). However, Newby did not file his notice of appeal until January 27, 2005.

Newby has made no showing of excusable neglect or good cause supporting his motion to appeal. Rather he contends only that as he was proceeding pro se at the time he filed his first notice of appeal, the court should construe his notice as both a motion for an extension of time

within which to file a notice of appeal and as a notice of appeal.[1] Although the court will liberally construe pro se filings, the court is not expected to act as an advocate nor develop claims or arguments supporting a pro se litigant's motion. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278-79 (4th Cir. 1985). And as Newby has provided no excuse for the delay in filing his pro se notice of appeal once he became aware counsel failed to file a timely notice of appeal, I find that Newby has not presented evidence of good cause or excusable neglect warranting the extension of the time period in which to file a notice of appeal. Accordingly, it is hereby **ORDERED** that Newby's motion for an extension of time within which to file a notice of appeal is hereby **DENIED**.

The Clerk is directed to send certified copies of this order to the defendant and counsel of record for the United States of America.

**ENTER**: This 15th day of November, 2005.

*Jackson L. Kiser*
Senior United States District Judge

---

[1] Newby alleged in the January 27, 2005, notice of appeal that he did not become aware that counsel failed to file a notice of appeal until January 12, 2005, yet he waited an additional 15 days before filing a notice of appeal in this court. Furthermore, Newby did not provide any explanation for that delay. Likewise, in the instant motion counsel has provided no explanation for the delay.